IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff | 8:23CR215 |
| vs. | PLAINTIFF'S SENTENCING MEMORANDUM |
| RICHARD BIRK HARRIS, | |
| Defendant. | |

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, offers its written Sentencing Memorandum in advance of the sentencing hearing scheduled for November 6, 2025.

**Procedural History**

This case involves a Mexican source of supply of methamphetamine who has been supplying the Omaha, NE and Council Bluffs area with methamphetamine via a local network of drug couriers since 2021. Customers will call the source and order the drugs, who will then send a courier to meet them and complete the transaction.

On October 17, 2023, Harris sold a codefendant two pounds of methamphetamine at a South Omaha residence.

On January 4, 2024, a cooperator bought one pound from Harris after ordering it from the Mexican source who directed the cooperator to an Omaha location where Harris delivered the pound to him. A forensic chemist identified the controlled substance methamphetamine from a sample of the pound that Harris sold to the cooperator.

1

On January 10, 2024, law enforcement executed a search warrant at Harris's Douglas County residence and located items indicative of drug dealing, along with approximately 3 pounds of methamphetamine. Harris was arrested and during a post arrest interview, admitted to his involvement in drug distribution. The total weight of the methamphetamine Harris sold and was found in possession of was more than 1.5 kilograms but less than 4.5 kilograms actual.

On January 17, 2024, the Grand Jury for the District of Nebraska returned a five-count Superseding Indictment which again named Harris as one of the codefendants. (Filing No. 61). Harris was charged in Count I with violating Title 21, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On January 29, 2024, the defendant had his initial appearance and arraignment on the Superseding Indictment. The defendant entered his plea of not guilty on all counts on the record. (Filing No. 88). The defendant submitted on the matter of detention and the government's oral motion for detention was granted as to flight and danger. (Filing No. 88).

On July 17, 2025, the defendant pled guilty to Count I of the Superseding Indictment. The plea of guilty was accepted. There was no Plea Agreement. Presentence Investigation and Report requested. (Filing No. 365).

On September 15, 2025, a Revised Presentence Investigation Report was sent to the parties calculating a BOL 34 (RPSR ¶ 41). The RPSR found that the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and the defendant is not subject to an adjustment under USSG §3B1.2, therefore there is a two-level

2

increase (USSG §2D1.1(b)(5)) (RPSR ¶ 42). The RPSR also found that the defendant demonstrated acceptance of responsibility, resulting in a two-level decrease (USSG §3E1.1(a)) (RPSR ¶ 48). Additionally, the government motioned for the third level reduction, resulting in an additional one-level decrease (USSG §3E1.1(b)) (RPSR ¶ 48). The RPSR calculated a Total Offense Level of 33, a Criminal History Category III, and a guideline imprisonment range of 168 – 210 months. (RPSR ¶ 120).

On September 30, 2025, a Sentencing Recommendation was sent to the parties and the Court recommending a sentence of 168 months' imprisonment and a 5-year term of supervised release.

On October 28, 2025, the defendant filed a Motion for Downward Variance and Brief in Support of, requesting the Court sentence defendant to a term of 120 months' imprisonment arguing that defendant's role in the offense was less culpable than the average participant, and that his personal history warrants a variance from the calculated guideline range. (Filing Nos. 379 & 380).

On November 3, 2025, a Second Revised Presentence Investigation Report was sent to the Court and the Parties noting that a variance may be warranted as the defendant was less culpable in the offense than was codefendant Buller who received a variance. (2nd RPSR, 133). The government would note that Buller received a sentence of 130 months, but unlike the defendant, Buller qualified for the Safety Valve. (Filing No. 343). On November 3, 2025, a Revised Sentencing Recommendation was sent to the Court recommending a sentence of 120 months.

The government submits that a variance for the defendant's role in the offense is not warranted as the evidence shows the defendant was not substantially less culpable than the average participant and that of his co-defendants. Like the defendant, his codefendants were receiving and distributing meth on behalf of the Mexican Source of Supply. All of the codefendants sentenced to date received an importation enhancement, and none of them received a minor role reduction. Further, the government does not believe the defendant's personal characteristics and history rise to the level warranting a variance.

### Sentencing

The government believes the 2nd Revised Presentence Investigation Report has been calculated correctly but that a variance is not warranted. The government will ask the Court to impose a sentence at the low end of the defendant's calculated guideline range.

### Conclusion

At the sentencing hearing, Plaintiff will ask the Court to sentence the defendant to a term of imprisonment of 168 months.

        LESLEY A. WOODS
        United States Attorney
        District of Nebraska

By:    s/ Thomas J. Kangior
       THOMAS J. KANGIOR #21496
       Assistant U.S. Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE  68102-1506
       Tel: (402) 661-3700
       Fax: (402) 345-5724
       E-mail:  thomas.kangior@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

Lisa Mayland
U.S. Probation and Pretrial Services Officer
lisa_mayland@nep.uscourts.gov

                                      s/ Thomas J. Kangior
                                      THOMAS J. KANGIOR
                                      Assistant U.S. Attorney